UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Peoples National Bank of Mora,
a Minnesota Banking Corporation,

         Plaintiff,

v.

Clinton R. Stucky a/k/a Clint R. Stucky
a/k/a Clinton Stucky and Cathy J. Stucky
a/k/a Cathy Jo Stucky a/k/a Cathy Stucky,
individually and as husband and wife,
Lonny R. Stucky, C & C Homes, LLC,
a Minnesota Limited Liability Company,
and John Doe and Mary Roe,

         Defendants.

**ORDER**
Civil No. 10-4467 ADM/LIB

---

D. Sherwood McKinnis, Esq., and Trent L. Pepper, Esq., Lindberg & McKinnis, P.A., Cambridge, MN, on behalf of Plaintiff.

Kenneth H. Bayliss, Esq., and W. Benjamin Winger, Esq., Quinlivan & Hughes, P.A., St. Cloud, MN, on behalf of Defendants.

---

## I. INTRODUCTION

On February 3, 2011, the undersigned United States District Judge heard oral argument on Plaintiff Peoples National Bank of Mora's ("Plaintiff") Motion to Remand [Docket No. 8].

## II. BACKGROUND

Between 2005 and 2008, Defendants Clinton R. Stucky a/k/a Clint R. Stucky a/k/a Clinton Stucky and Cathy J. Stucky a/k/a Cathy Jo Stucky a/k/a (collectively "the Stuckys") entered into a series of loans with Plaintiff to operate a construction and farming business. Counterclaim [Docket No. 2] ¶ 1. The Stuckys suffered financial losses and on December 12, 2008, filed for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota, listing four loans with Plaintiff as secured debts. Id. ¶ 2.

On March 17, 2009, the Stuckys received an order discharging their debt including the four loans held with Plaintiff. Id. ¶ 3.

On April 16, 2009, the Stuckys entered into another loan with Plaintiffs. Id. ¶¶ 4-6. Soon after, the Stuckys defaulted on the loan and on October 1, 2010, Plaintiff brought an action in state court for breach of contract, mortgage foreclosure, replevin, and unjust enrichment. Am Complaint [Docket No. 6]. On November 4, 2010, the Stuckys filed a Notice of Removal asserting federal jurisdiction for removal of these claims based on 28 U.S.C. §§ 1452 and 1334. Specifically, the Stuckys argue that Plaintiff's suit violated the discharge injunction and reaffirmation provisions of the Bankruptcy Code. Plaintiff then filed this motion to remand to state court.

Section 1334(a) provides federal district courts with "original and exclusive jurisdiction of all cases under title 11," while Section 1334(b) provides "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a) and (b). Section 1334 is made applicable to the bankruptcy court through 28 U.S.C. § 157(a) which allows the district court to refer cases to the bankruptcy court. Pursuant to section 157(a), a standing order of reference was entered by Chief Judge Miles W. Lord of the United States District Court for the District of Minnesota on July 27, 1984.

At oral argument, the Court invited both parties' counsel to comment on the propriety of referring this motion to the bankruptcy court for its disposition of this motion. Several factors weigh in favor of referring this case to the bankruptcy court. First, the bankruptcy court granted the Stuckys a discharge less than two years ago and, therefore, is likely familiar with these parties. Second, in the event the motion to remand is denied, the Stuckys wish to have the merits

of their counterclaims adjudicated in bankruptcy court.  Furthermore, many courts have held that Congress intended for bankruptcy judges to determine complex issues of bankruptcy law to the "greatest extent possible."  In re Alpern, 191 B.R. 107, 110 (N.D. Ill. 1995) (citation omitted).

### III.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States Bankruptcy Court for the District of Minnesota pursuant to 28 U.S.C. §157(a).

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 9, 2011.